IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| **Se Dong Jin**<br>on behalf of himself and all other<br>Plaintiffs similarly situated known and unknown,<br><br>      Plaintiff,<br>  v.<br><br>**Phigra Janitorial Services, LLC., City Practice Group of New York, LLC dba City MD Urgent Care and Mo Hyun Kang**<br><br>      Defendants. | Case No. 18-cv-2802 |

## COMPLAINT

Plaintiff, Se Dong Jin, on behalf of himself and all other Plaintiffs similarly situated known and unknown, through his attorneys, for his Complaint against Phigra Janitorial Services, LLC., City Practice Group of New York, LLC d/b/a CityMD Urgent Care and Mo Hyun Kang ("Defendants"), states as follows:

### NATURE OF PLAINTIFF'S CLAIMS

1.      This lawsuit arises under the Fair Labor Standards Act, 29 U.S.C. §201, *et. seq.* ("FLSA"), and the New York Labor Law ("NYLL") § 650 *et. seq.* for Defendants' failure to pay regular and overtime compensation to Plaintiff. During the course of his employment by Defendants, Plaintiff regularly worked nine (9) hours per day and over forty (40) hours per week. Defendants failed to compensate Plaintiff his regular and overtime wage. Plaintiff further alleges that Defendants' failure to pay overtime wages is willful and intentional. According to federal regulations, employers with any employees covered by the FLSA must "post and keep posted a notice explaining the Act, as prescribed by the Wage and Hour Division, in conspicuous places in every establishment

1

where such employees are employed so as to permit them to observe readily a copy." 29 C.F.R. § 516.4. Plaintiff contends that the statute of limitations must be tolled because defendants failed to post and keep posted required materials concerning employees' FLSA rights.

## THE PARTIES

2. Plaintiff is at all times relevant hereto employee of Defendants.

3. Plaintiff is at all times relevant hereto individual employed in the State of New York by Defendants.

4. Plaintiff has at all times relevant hereto resided in the State of New York.

5. Plaintiff is at all times relevant hereto a non-exempt employee within the meaning of the FLSA, and NYLL, and the implementing rules and regulations of the FLSA and NYLL.

6. Plaintiff is filing this FLSA claim as an individual action for himself.

7. For the period commencing on or about April 23, 2017, until December 15, 2017, Plaintiff Se Dong Jin regularly and customarily at the specific instructions and demand of Defendants actually performed work for Defendants nine (9) hours per day and over forty (40) hours per week.

8. Plaintiff began his work at 9:00 p.m. and ended at 6:00 a.m. the following day, for 7 days per week. He worked 9 hours a day and 63 hours per week regularly.

9. Plaintiff was paid $2,075.00 per month and never received overtime wage properly.

10. Plaintiff performed work for Defendants the said hours worked as an express condition of his continued employment.

11. Plaintiff was assigned to the said manual labor by Defendants.

12. Plaintiff was not required to possess any specialized skills in order to do the assigned work for Defendants.

13. Plaintiff did not have to supply his own tools and equipment in connection with his work for Defendants.

14. Plaintiff was required to report to work for Defendants at a certain time.

15. Plaintiff could not set his own hours of work for Defendants.

16. Defendant Mo Hyun Kang is and was at all relevant times hereto engaged in the business of commercial building cleaning service.

17. Defendant Mo Hyun Kang is and was at all relevant times hereto engaged in the interstate commerce.

18. Defendant Mo Hyun Kang managed, supervised, established and administered the terms and conditions of Plaintiff's employment.

19. Defendant Mo Hyun Kang participated in and approved of the unlawful pay practices of the business at Bronx and Nanuet, NY.

20. Defendant Mo Hyun Kang was involved in assigning work to Plaintiff.

21. Defendant Mo Hyun Kang had the power and authority to discipline Plaintiff.

22. Defendant Mo Hyun Kang exercised authority over the terms and conditions of Plaintiff's employment and how much and the manner in which Plaintiff was paid.

23. Defendant Mo Hyun Kang hired Plaintiff.

24. Defendant Mo Hyun Kang was in charge of paying employees.

25. Defendant Mo Hyun Kang told Plaintiff where to work and when to work.

26. Defendants employed Plaintiff to do work for them in the State of New York.

27. Defendants, during all relevant times, were subject to the FLSA due to the nature of their business and revenues earned.

28. Defendants provided the tools and equipment and materials for Plaintiff to do his job with Defendants.

29. Defendants held Plaintiff out as an employee.

30. Defendants employed and paid Plaintiff as their employee.

31. Defendants are employers within the meaning of the term of the Fair Labor Standards Act, 29 U.S.C. § 203(d), and the NYLL.

32. Defendants' failure to properly pay Plaintiff for overtime wages was intentional and willful.

33. No exemption from overtime wages applied to Plaintiff's employment with Defendants.

34. Defendants never obtained legal advice or counsel that them overtime pay practices and/or policies were compliant with state and federal wage-hour laws.

35. Defendants never obtained any written guidance from the U.S. Department of Labor concerning their pay practices and policies.

36. No exemption from overtime applies or applied to Plaintiff when he worked or works more than 40 hours in a workweek for Defendants.

37. Defendants failed to pay Plaintiff overtime premium for all hours worked in excess of 40 hours per workweek.

38. Defendants' failure to pay Plaintiff at the proper overtime rate was intentional and willful.

39. Defendant Phigra Janitorial Services, LLC. is a New Jersey Limited Liability

Company and is an enterprise as defined by in Section 3(r)(1) of the FSLA, 29 U.S.C. §203(r)(I), and is an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1)(A) of FLSA 29 U.S.C. §203(s)(1)(A).

40.     Upon information and belief, Phigra Janitorial Services, LLC has been, at all relevant times, an enterprise engaged in commerce within the meaning of FLSA in that it (i) had employees engaged in commerce or in the production of goods for commerce and handling, selling or otherwise working on goods or materials that have been moved in or produced for commerce by any person; and its (ii) annual gross volume of sales or business is not less than $500,000.

41.     Defendant City Practice Group of New York, LLC dba City MD Urgent Care is a New York Limited Liability Company and is an enterprise as defined by in Section 3(r)(1) of the FSLA, 29 U.S.C. §203(r)(I), and is an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1)(A) of FLSA 29 U.S.C. §203(s)(1)(A).

42.     Upon information and belief, City Practice Group of New York, LLC dba City MD Urgent Care has been, at all relevant times, an enterprise engaged in commerce within the meaning of FLSA in that it (i) had employees engaged in commerce or in the production of goods for commerce and handling, selling or otherwise working on goods or materials that have been moved in or produced for commerce by any person; and its (ii) annual gross volume of sales or business is not less than $500,000.

43.     Upon information and belief, Defendants Phigra Janitorial Services, LLC, and City Practice Group of New York, LLC dba City MD Urgent Care, at all relevant times, were employers as defined by FLSA and NYLL.

44.     Defendant Mo Hyun Kang is a citizen and resident of State of New Jersey and

is the President of Defendant Phigra Janitorial Services, LLC.

## JURISDICTION AND VENUE

45.     This Court has jurisdiction over Plaintiff's FLSA claims pursuant to 29 U.S.C. § 216(b). Venue is proper in this judicial district as the facts and events giving rise to Plaintiff's claims occurred in this judicial district. This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C § 1367.

## COUNT I
## FAIR LABOR STANDARDS ACT
### Minimum Wage Claim

46.     Plaintiff hereby incorporates by reference the foregoing paragraphs of this Complaint into this count.

47.     The FLSA requires employers, such as Defendants, to pay employees the minimum wage for all hours worked.

48.     At all relevant times, 29 U.S.C. § 206 has defined the minimum wage under the FLSA. Prior to July 23, 2008 (during the applicable statute of limitations), the federal minimum wage was $6.55 an hour. Since July 24, 2009, the federal minimum wage has been $7.25 an hour.

49.     During the applicable statute of limitations, Defendants have failed to pay Plaintiff the federally mandated minimum wage for all hours worked.

50.     Plaintiff does not or did not perform job duties or tasks that permit them to be exempt from minimum wage as required under the FLSA.

51.     The foregoing conduct, as alleged herein, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a).

52.     Plaintiff seeks damages in the amount of all respective unpaid minimum wage compensation at minimum wage rate effective during the applicable work week, plus liquidated damages, as provided by the FLSA, 29 U.S.C. § 216(b), interest, and such other legal and equitable relief as the Court deems just and proper.

53.     Plaintiff seeks recovery of all attorneys' fees, costs, and expenses of this action, to be paid by Defendants, as provided by the FLSA, 29 U.S.C. § 216(b).

WHEREFORE, plaintiff prays for judgment in her favor and against the defendants, and each of them, and for the following relief:

A. damages in an amount equal to the unpaid wages due and owing to the plaintiff, which were wrongfully converted to the defendants' use as described above;

B. interest on all amounts awarded;

C. attorneys' fees, together with costs of suit and collection; and

D. such further relief as may be fair and just in the premises

### COUNT II
### FAIR LABOR STANDARDS ACT
#### Overtime Wages Claim

54.     All allegations of the Complaint are expressly incorporated herein and Plaintiff repeats and realleges each and every allegations set forth in this Complaint as though set forth fully at length herein.

55.     This count arises from Defendants' repeated violation of the Fair Labor Standards Act, 29 U.S.C. §201. *et. seq.,* and for their failure to pay overtime wages to Plaintiff and other similarly situated employees for all hours worked.

56.     For the period commencing on or about April 23, 2017, until December 15, 2017, Plaintiff Se Dong Jin regularly and customarily at the specific instructions and

demand of Defendants actually performed work for Defendants in excess of nine (9) hours per day and forty (40) hours per week.

57. During his employment, Plaintiff began his work at 9:00 p.m. and ended 6:00 a.m. for 7 days per week. He worked 9 hours a day and 63 hours per week regularly. Plaintiff was paid $2,075.00 per month and was not paid all hours he worked and overtime wage.

58. Initially, Defendant Kang promised Plaintiff the company would pay his toll fee, but Defendants never paid nor reimburse Plaintiff's toll fee, Plaintiff was never paid his EZ pass toll fee in the average amount of $6.94 per a day and $215.14 for a month.

59. Plaintiff regularly worked more than 40 hours a week and was never paid the proper amount of overtime wages.

60. This Court has jurisdiction to hear this Count pursuant to 29 U.S.C. §216(b) and venue is proper in this judicial district.

61. During the course of their employment by Defendants, Plaintiff and other similarly situated employees were not exempt from the overtime wage provisions of the Fair Labor Standards Act, 29 U.S.C. §207.

62. Plaintiff and other similarly situated employees were directed by Defendants to work and did so work, in excess of forty (40) hours per week.

63. Pursuant to 29 U.S.C. §207, for all weeks, during which Plaintiff worked in excess of forty (40) hours, Plaintiff and other similarly situated employees were entitled to be compensated at a rate of one and one-half times their regular rate of pay.

64. Defendants did not compensate Plaintiff and other similarly situated employees at a rate of one and one-half times their regular rate of pay for hours worked in excess of

8

forty (40) hours in individual workweeks.

65.     Defendants' failure and refusal to pay overtime premium at one-half times Plaintiff's rate of pay for hours worked in excess of forty (40) hours per week was a violation of the Fair Labor Standards Act, 29 U.S.C. §207.

66.     Defendants willfully violated the Fair Labor Standards Act by refusing to pay Plaintiff and other similarly situated employees' overtime wages for hours worked in excess of forty (40) hours per week.

WHEREFORE, Plaintiff prays for a judgment against Defendants as follows:

A.     A judgment in the amount of one-half times Plaintiff's regular rate for all hours which Plaintiff worked in excess of forty (40) hours per week;

B.     Liquidated damages in an amount equal to the amount of unpaid overtime compensation found due;

C.     Reasonable attorney's fees and costs incurred in filing this action; and

D.     Such other and further relief as this Court deems appropriate and just.

## COUNT III
## NEW YORK LABOR LAW
### Minimum Wages Claim

67.     All allegations of the Complaint are expressly incorporated herein and Plaintiff repeats and realleges each and every allegations set forth in this Complaint as though set forth fully at length herein.

68.     This Court has supplemental jurisdiction over the matters alleged herein pursuant to 28 U.S.C. §1367.

69.     The matters set forth in this count arise from Defendants' violation of the minimum wage provisions of the Minimum Wage Act Article 19 New York State labor

Law §650 et seq. Plaintiff brings this action pursuant to NYLL §663.

70. At all relevant times herein, Defendants were "employers" as defined in the NYLL §651-6, and Plaintiff was "employee" within the meaning of that Act §651-5.

71. Pursuant to NYLL §652-1, for all hours during which Plaintiff worked, Plaintiff was entitled to be compensated minimum wages.

72. Defendants did not compensate Plaintiff minimum wages for all hours worked.

73. Defendants violated the New York Labor Law by refusing to compensate Plaintiff minimum wages for all hours worked.

74. Pursuant to 19 NYLL 663-2, Plaintiff is entitled to recover his unpaid wages together with costs all reasonable attorney's fees, prejudgment interest and an additional amount as liquidated damages equal to one hundred percent(100%) of the total of underpayments.

WHEREFORE, Plaintiff prays for a judgment against Defendants as follows:

A. A judgment in the amount of unpaid minimum wages for all hours worked;

B. Liquidated damages pursuant to the formula set forth in 19 NYLL 663-2;

C. Reasonable attorney's fees and costs incurred in filing this action; and such other and further relief as this Court deems appropriate and just.

### COUNT IV
### Violation of NEW YORK LABOR LAW
### Overtime Wages

75. All allegations of the Complaint are expressly incorporated herein and Plaintiff repeats and re-alleges each and every allegation set forth in this Complaint as though set forth fully at length herein.

76. This Court has supplemental jurisdiction over the matters alleged herein

pursuant to 28 U.S.C. §1367.

77.     The matters set forth in this Count arise from Defendant's violation of the overtime compensation provisions of the 12 NYCRR §141-1.4.

78.     Pursuant to 12 NYCRR § 141-1.4, for all weeks during which Plaintiff worked in excess of forty (40) hours, Plaintiff was entitled to be compensated at one and one-half times their normal hourly rate of pay for hours worked in excess of forty (40) hours per week.

79.     Defendants failed to compensate Plaintiff's overtime wages for hours worked in excess of forty (40) in individual work weeks.

80.     Defendants violated the NYLL overtime wage Law by not compensating Plaintiff's overtime wages for hours worked in excess of forty (40) in individual work weeks.

81.     Defendants willfully violated the NYLL overtime wage law by refusing to compensate Plaintiff at one and one-half times their regular rate of pay for hours worked in excess of forty (40) hours per week.

## COUNT V
## Time of Hire Wage Notice Requirement

82.     Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

83.     The NYLL and supporting regulations require employers to provide a written notice of the rate or rates of pay and the basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as a part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day

11

designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of employer's main office or principal place of business, and a mailing address if different; the telephone number of the employer. NYLL §195-1(a).

84. Defendants intentionally failed to provide notice to employees in violation of Defendants intentionally failed to provide notice to employees in violation of New York Labor Law § 195, which requires all employers to provide written notice in the employee's primary language about the terms and conditions of employment related to the rate of pay, regular pay cycle and rate of overtime on his or her first day of employment.

85. Defendants not only failed to provide notice to each employee at Time of Hire, but also failed to provide notice to each Plaintiff even after the fact.

86. Due to Defendants' violations of New York Labor Law, Plaintiff is entitled to recover from Defendants, jointly and severally, $50 for each workday that the violation occurred or continued to occur, up to $5,000, together with costs and attorneys' fees pursuant to New York Labor Law. N.Y. Lab. Law §198(1-b).

### COUNT VI
### Pay Stub Requirement

87. Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

88. The NYLL and supporting regulations require employers to provide detailed pay stub information to employees every payday. NYLL §195-1(d).

89. Defendants have failed to make a good faith effort to comply with the New York Labor Law with respect to compensation of each Plaintiff and did not provide the paystub on or after each Plaintiff's payday.

90. Due to Defendants' violations of New York Labor Law, Plaintiff is entitled to recover from Defendants, jointly and severally, $250 for each workday of the violation, up to $5,000 for each Plaintiff together with costs and attorneys' fees pursuant to New York Labor Law N.Y. Lab. Law §198(1-d).

**WHEREFORE**, Plaintiff, on behalf of himself, and the FLSA collective plaintiff and rule 23 class, respectfully requests that this court enter a judgment providing the following relief:

a) Authorizing plaintiff at the earliest possible time to give notice of this collective action, or that the court issue such notice, to all persons who are presently, or have been employed by defendants as non-exempt tipped or non-tipped employees. Such notice shall inform them that the civil notice has been filed, of the nature of the action, of their right to join this lawsuit if they believe they were denied proper hourly compensation and premium overtime wages;

b) Certification of this case as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure;

c) Designation of Plaintiff as representatives of the Rule 23 Class, and counsel of record as Class counsel;

d) Certification of this case as a collective action pursuant to FLSA;

e) Issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated members of the FLSA opt-in class, apprising them of the pendency of this action, and permitting them to assert timely FLSA claims and state claims in this action by filing individual Consent to

Sue forms pursuant to 29 U.S.C. § 216(b), and appointing Plaintiff and his counsel to represent the Collective Action Members;

f) A declaratory judgment that the practices complained of herein are unlawful under FLSA and New York Labor Law;

g) An injunction against Corporate Defendant, its officers, agents, successors, employees, representatives and any and all persons acting in concert with them as provided by law, from engaging in each of unlawful practices and policies set forth herein;

h) An award of unpaid overtime premium due Plaintiff and the Collective Action members under the FLSA and New York Labor Law, plus compensatory and liquidated damages in the amount of twenty five percent under NYLL §§190 et seq., §§650 et seq., and one hundred percent after April 9, 2011 under NY Wage Theft Prevention Act, and interest;

i) An award of unpaid overtime wages due under FLSA and New York Labor Law;

j) An award of damages for Defendants' failure to provide wage notice at the time of hiring as required under the New York Labor Law.

k) An award of liquidated and/or punitive damages as a result of Defendants' knowing and willful failure to pay overtime compensation pursuant to 29 U.S.C. §216;

l) An award of liquidated and/ or punitive damages as a result of Defendants' willful failure to pay wages, overtime compensation, and spread of hours premium pursuant to New York Labor Law;

m) An award of costs and expenses of this action together with reasonable attorneys' and expert fees pursuant to 29 U.S.C. §216(b) and NYLL §§198 and 663;

n) The cost and disbursements of this action;

o) An award of prejudgment and post-judgment fees;

p) Providing that if any amounts remain unpaid upon the expiration of ninety days following the issuance of judgment, or ninety days after expiration of the time to appeal and no appeal is then pending, whichever is later, the total amount of judgment shall automatically increase by fifteen percent, as required by NYLL §198(4); and

q) Such other and further legal and equitable relief as this Court deems necessary, just, and proper.

## JURY TRIAL

A jury trial is demanded on all Counts.

Respectfully submitted,

Dated: March 29, 2018

    /s/ Ryan Kim
Ryan J. Kim

Ryan Kim Law
163-10 Northern Blvd. Suite 205
Flushing, NY 11358
Attorney for Plaintiff